IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE LAYTON VELTMAN, | § | |
| | § | |
| Defendant/Movant, | § | |
| | § | |
| V. | § | CIVIL ACTION  NO. H-07-1875 |
| | § | CRIMINAL ACTION NO. H-04-441-1 |
| UNITED STATES OF AMERICA, | § | CRIMINAL ACTION NO. H-05-240-2 |
| | § | |
| Plaintiff/Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING UNITED STATES' MOTIONS FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States'

"Motion for Summary Judgment, Response, and Motion to Dismiss" (Document No. 178  in Criminal

Action No. H-04-441-1; Document No. 86 in Criminal Action No. H- 05-240-2), and Movant

Terrance Layton Veltman's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence

(Document No. 160 in Criminal Action No. H-04-441-1; Document No. 70 in Criminal Action No.

H- 05-240-2).   Having considered the Motions to Vacate, Set Aside or Correct Sentence, the

Memorandum of Law in Support (Document No. 77 in Criminal Action No. H-05-240), the United

States' Motions for Summary Judgment, the record of the proceedings before the District Court in

the underlying criminal cases, and the applicable law, the Magistrate Judge RECOMMENDS, for the

reasons set forth below, that the United States' Motions for Summary Judgment be GRANTED, that

Movant Veltman's §  2255 Motions to Vacate, Set Aside or Correct Sentence be DENIED, and that

this § 2255 proceeding be DISMISSED with prejudice.

**I.      Procedural History**

Movant Terrance Layton Veltman ("Veltman"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Veltman's first attempt at relief under § 2255.

On September 29, 2004, Veltman was charged by Indictment in Criminal Action No. H-04-441, with aiding and abetting bank burglary, in violation of 18 U.S.C. §  2113(a).  (Document No. 12 in Criminal Action No. H-04-441).  On June 1, 2005, Veltman was then charged by Indictment in Criminal Action No. H-05-240, with another count of aiding and abetting bank burglary, in violation of 18 U.S.C. § 2113(a).  (Document No. 1 in Criminal Action No. H-05-240).  On November 8, 2004, pursuant to a written plea agreement, Veltman pled guilty in Criminal Action No. H-04-441.  (Document Nos. 30 & 32 in Criminal Action No. H04-441).  He then pled guilty, on July 28, 2005, in Criminal Action No. H05-240, pursuant to a separate written plea agreement.  (Document Nos. 23 & 24 in Criminal Action No. H-05-240).  By that time, the two cases had been consolidated for trial and sentencing.  *See* Document No. 15 in Criminal Action No. H-05-240.  Following his guilty pleas and the preparation of a consolidated Presentence Investigation Report ("PSR"), to which Veltman's counsel stated that he had no objections (Document No. 112 in Criminal Action No. H-04-441), Veltman was sentenced on May 26, 2006, to 150 months confinement on each offense, with the terms of imprisonment to run concurrent, to be followed by concurrent three year terms of supervised release.  (Document No. 128 in Criminal Action No. H-04-441; Document No. 44 in Criminal Action No. H-05-240).  Restitution in the amount of $279,092.51 was also ordered.  *Id.*  Judgments of Conviction were entered on June 1, 2006.  (Document No. 133 in Criminal Action No. H-04-441; Document No. 48 in Criminal Action No. H-05-240).

Notices of appeal were filed in both cases. (Document No. 137 in Criminal Action No. H-04-441; Document No. 47 in Criminal Action No. H-05-240).  Each appeal was dismissed for want of prosecution based on Veltman's failure to pay the appellate filing fee.  (Document No. 165 in Criminal Action No. H-04-441; Document No. 56 in Criminal Action No. H-05-240).  Veltman then, through counsel he retained, timely filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence in each case.  (Document No. 160 in Criminal Action No. H-04-441; Document No. 70 in Criminal Action No. H-05-240).  The Government, in response, filed a Motion for Summary Judgment, Response and Motion to Dismiss (Document No. 178 in Criminal Action No. H-04-441; Document No. 86 in Criminal Action No. H-05-240), to which Veltman has not filed any response in opposition. Veltman's § 2255 motions are ripe for ruling.

## II.     Claims

Veltman raises four claims in his § 2255 motions:

1.      that his trial counsel was ineffective at the guilt-innocence phase for inducing him to plead guilty with representations that the maximum sentence he faced was ten years based in the nonviolent nature of the offense;

2.      that his trial counsel was ineffective at sentencing for failing to object to the two level adjustment under § 2B2.1 for more than minimal planning;

3.      that his trial counsel was ineffective at sentencing for failing to object to, and argue against, the upward departure under § 4A1.3;  and

4.      that his appellate counsel was ineffective for failing to appeal the upward departure from the Guidelines.

The Government argues in its Motion for Summary Judgment that dismissal of Veltman's § 2255 Motion to Vacate, Set Aside or Correct Sentence is warranted because the record shows that

3

Veltman entered a knowing and voluntary guilty plea, and in connection therewith, knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this.  In addition, and in the alternative, the Government argues that no relief is available to Veltman on the merits of any of his claims.

### III.     Discussion – Waiver

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001).  When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself").  In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).   In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute.  *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *cert. denied*, 546 U.S. 962 (2005).

In this case, the record shows that Veltman, in each of his two written Plea Agreements, was advised of the maximum sentence he faced, admitted to the facts necessary to establish the offense,

and represented that his guilty plea and the execution of the plea agreements were knowing and

voluntary.  (Document No. 32 in Criminal Action No. H04-441; Document No. 23 in Criminal Action

No. H-05-240).  In addition, Veltman waived his right to appeal the manner in which his sentence was

determined, and waived his right to collaterally challenge his conviction and/or sentence.  The Plea

Agreement in Criminal Action No. H-04-441 provided in this respect:

> 10.      The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  **The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.**  The defendant may appeal only a sentence imposed above the statutory maximum or an upward departure from the sentencing guidelines as set forth in 18 U.S.C. § 3742.  Additionally, the defendant is aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  **The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.**
>
> 11.      In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the court.  The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the government, or the United States Probation Office is a prediction, not a promise, and is **not binding** on the government, the United States Probation Office, or the court.  The government does not make any promise or representation concerning what sentence the defendant will receive.
>
> 12.      The defendant, by entering this plea, also waives any right to have facts that the law makes essential to punishment either (1) charged in the indictment, (2) proven to a jury, or (3) proved beyond a reasonable doubt.  The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines.  The defendant explicitly acknowledges that his plea to the charged offense(s) authorizes the court to impose any sentence authorized by the Sentencing Guidelines, up to and including the statutory maximum under the relevant statute(s).

 (Document No. 32 at 4-5 (emphasis in original)).  A similar waiver was included in the Plea

Agreement in Criminal Action No. H-05-240.  (Document No. 23 in Criminal Action No. H-05-240).

In addition, at his Rearraignment in Criminal Action No. 04-441, the Court, after making sure that

Veltman had read the Plea Agreement and had conferred with his attorney about the contents of the

Plea Agreement, carefully advised Veltman of the consequences of his plea, including the sentence

he faced, and questioned Veltman about the waiver provisions in the Plea Agreement:

> THE COURT:  Now, back here on page – at the bottom of Page 4, there is a subtitle, Waiver of Appeal.  First it starts off stating that you – in that bold print at the top of Page 5 – the defendant waives his right to appeal the sentence imposed or the manner in which it was determined.
>
> You understand so if I make a mistake in sentencing, you have to live with it because you are giving up your right to appeal to a higher court.  You understand?
>
> THE DEFENDANT:  I understand, sir.
>
> THE COURT:  Then it does say that you can appeal, however, if I make – if the sentence is above the statutory maximum or an upward departure from the sentencing guidelines.  But except for that, you waive and give up your right to appeal.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Also it states that you waive your right to collaterally attack your conviction and sentence.  That is after collaterally attacking your earlier petition for writ of habeas corpus.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Well, what that means is when someone is in prison, sometimes the case is all over and closed, and they want to file a new case to challenge their conviction or challenge their sentence, and contend it was unconstitutional or something like that.
>
> Well, what this is saying is that you give up that right, too.  You are not going to be filing another lawsuit later on to try to set aside your conviction or your sentence in this case.  Is that your agreement?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Then it states down here in Paragraph 12 that by entering this plea, that you also waive any right to have the facts that the law makes essential to the punishment either charged in the indictment or proven to the jury or proved beyond a reasonable doubt.

Now what this is referring to is a matter that is now in controversy before the Supreme Court of the United States where some people are saying that the sentencing guidelines that judges follow cannot be used constitutionally if there is an enhancement in the sentencing due to some sentencing factor, and that these things have to either be – have to be charged in the indictment or proven to a jury and the jury has to find them beyond a reasonable doubt.

What this is saying is that you give up your right to have a jury decide any of those things and waive your right. Is that your agreement?

THE DEFENDANT:  Yes, sir.

THE COURT:  So that the judge will have the authority to make those decisions without a jury. Is that your decision?

THE DEFENDANT:  Yes, sir.

THE COURT:  Then back here on Page 7 there is a subparagraph there. The title says Factual Basis for Guilty Plea. And then all the rest of that page and a little bit over on the top of Page 8 sets out all these facts about this burglary of the Texas First Bank on Highway 87 in Crystal Beach, Texas back on August 19 and 20, 2004.

Have all those facts been read to you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Line for line and word for word?

THE DEFENDANT:  Yes, sir.

THE COURT:  And are those facts true?

THE DEFENDANT:  Yes, sir.

THE COURT:  Well, I haven't been over all of this plea agreement with you, but is there any other part of it that you want me to explain to you?

THE DEFENDANT:  No, sir.

THE COURT:  Is there any part of my explanation that requires further clarification?

THE DEFENDANT:  No, sir.

THE COURT:  Do you feel that you understand it thoroughly, then, from start to finish?

THE DEFENDANT:  I do, sir.

THE COURT:  Is there any other agreement that you believe you have with the Government except for this written plea agreement?

THE DEFENDANT:  No, sir.

THE COURT:  Has anybody else undertaken to make any promise to you or assurance of any kind in order to persuade you or induce you to plead guilty in this case?

THE DEFENDANT:  No,. sir.

THE COURT:  Has the Government or anybody else attempted to coerce or threaten you or in any way attempted to force you to plead guilty in this case?

THE DEFENDANT:  No, sir.

THE COURT:  Now, you understand the offense to which you are proposing to plead guilty is a felony offense, that if you are adjudged guilty of this offense, that such adjudication may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, the right to possess any kind of firearm, and if you are not a citizen of the United States, could adversely affect your immigration status in the United States?

Do you understand that those are all probable consequences of a plea of guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you talked with your lawyer about what the maximum possible penalties are for this offense?

THE DEFENDANT:  Yes, sir.

THE COURT:  You are charged here in this offense with burglary of a bank and intent to commit a felony affecting the bank.  And this offense carries with it a term of imprisonment not to exceed 20 years, a fine not to exceed $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

8

Have you – also, the offense may carry an alternative fine of not more than twice the amount of gross gain or twice the amount of gross loss from the – as a result of the commission of the crime.  Has all of that been explained to you?

THE DEFENDANT:  Yes, sir.

\* \* \*

THE COURT:  So you see what the possible consequences may be then of a plea of guilty in terms of what the maximum possible sentence could be?

THE DEFENDANT:  Yes, sir.

Rearraignment Transcript (Document No. 167 in Criminal Action No. H-04-441) at 9-14.  The Court engaged Veltman in the same general colloquy at Veltman's Rearraignment in Criminal Action No. H-05-240, ensuring that Veltman understood the charge he was pleading guilty to and the penalties he faced.  (Document No. 82 in Criminal Action No. H-05-240).  Following a lengthy discussion with Veltman in each case, the Court determined that Veltman's guilty pleas, and his waivers of his right to appeal and collaterally attack his conviction and/or sentence, were all knowing and voluntary. (Document No. 167 in Criminal Action No. H-04-441, at 22; Document No. 82 in Criminal Action No. H-05-240, at 20).

Veltman claims that he was coerced into pleading guilty by his counsel who advised him that he faced a sentence of only ten years based on the non-violent nature of the offense.  While Veltman has not pointed to any evidence that supports his contention, a thorough review of the record does reveal some evidence that counsel incorrectly advised Veltman regarding the maximum sentence he faced.  That evidence can be found in the transcript of the sentencing proceeding, whereupon the following discussion was held:

THE COURT:  . . . . Is there any legal reason why the sentence should not be imposed as stated?

PROSECUTOR:  No, Your Honor.

DEFENSE COUNSEL:  Your Honor, the statutory maximum for bank burglary is 10 years or 120 months, and I don't believe any of these factors can be imposed over the statutory maximum.

THE COURT:  Well, the statutory maximum is shown in the PSR as 20 years.  I'll double-check the statute on that.

DEFENSE COUNSEL:  Your Honor, can I refer to my book?

THE COURT:  Yes, sir.
      Mr. Kusin?

PROSECUTOR:  Your Honor, I don't have my statute book with me, but I do believe it's 20 years.  That has been my assumption.

      Your Honor, I apologize, but I do not have a copy of the indictment with me. If the indictment recites the second paragraph of 2113(a), then it is, in fact, 20 years.

THE COURT:  Mr. Kusin, what was your statement again?

PROSECUTOR:  If the indictment recites the second paragraph of 2113(a), then the maximum legal sentence is 20 years.  Yes, Your Honor.

DEFENSE COUNSEL:  Well, Your Honor, Paragraph B of Section 2113, which is the bank burglary statute, that has a statutory maximum of ten years.

PROSECUTOR:  The primary statute, Your Honor, with which the defendant was charged was 2113(a).  The offense that was committed in the bank was burglary. However, the maximum penalty for 2113(a) is, in fact, 20 years.

THE COURT:  That is what I find to be the case.  It is set forth under the charges under Section 2113(a) in 04-441 and is also under Section 2113(a) in Cause No. 05-240.  And I also at the time of both of these rearraignments, which were separately conducted, advised the defendant that the offense did carry with it a maximum term in prison not to exceed 20 years.  And that was – the defendant was advised of that at the time, that this was the maximum penalty for the offense charged under Section 2113(a) and therefore that objection is overruled.

Sentencing Transcript (Document No. 166 in Criminal Action No. H-04-441) at 13-15.  That

discussion at sentencing appears to support Veltman's claim that counsel provided him with

10

inaccurate advice regarding the maximum sentence he faced.  That being said, however, the record

is replete with evidence that Veltman was correctly and repeatedly advised that he faced a maximum

sentence of twenty years incarceration.    Veltman was advised by the Court at both his

Rearraignments that he faced a term of imprisonment of up to twenty years.  (Document No. 167 in

Criminal Action No. H-04-441, at 13; Document No. 82 in Criminal Action No. H-05-240, at 11-12).

In addition, both Plea Agreements, which Veltman represented he had either read, or had been read

to him in their entirety, "word for word," set forth the statutory maximum for the offense to which

Veltman was pleading guilty as twenty years incarceration. (Document No. 32 in Criminal Action No.

H-04-441, at 3 ("The maximum penalty for a violation of 18 U.S.C. § 2113(a) is imprisonment of not

more than twenty years and/or a fine of not more than $250,000.")); (Document No. 23 in Criminal

Action No. H-05-240, at 3 (" The statutory maximum penalty for a violation of 18 U.S.C. §

2113(a) is imprisonment of not more than twenty years and/or a fine of not more than

$250,000.")).   Finally, at the time of his Initial Appearance before the Magistrate Judge, Veltman

was told that he faced a statutory maximum under 8 U.S.C. § 2113(a) of twenty years incarceration.

(Document No. 176 in Criminal Action No. H-04-441).

       Notwithstanding the evidence in the record that Veltman's counsel inaccurately advised him

regarding the statutory maximum he faced, the uncontroverted evidence in the record is that

Veltman's guilty pleas were entered both knowing and voluntary.  Veltman stated, on the record at

each of his Rearraignments, that he understood that the maximum sentence he could receive was

twenty years incarceration. Veltman's statements in open court carry a strong presumption of verity.

*Blackledge v. Allison*, 431 U.S. 63, 73 (1977).  Based on those statements, and the substantial record

which shows that Veltman's guilty pleas and the waivers of his right to file a § 2255 proceeding were

knowing and voluntary, the Government is entitled to summary judgment on Veltman's claims

pursuant to Veltman's plea agreement waiver.[1]   *See  Mason v. United States*, 211 F.3d 1065, 1069

(7th Cir. 2000); *Davila*, 258 F.3d at 451-52; *United States v. Nguyen*, 2005 WL 14909 (E.D. La.

2005), *Morua v. United States*, 2005 WL 1745474 (S.D. Tex. 2005) (Hittner, J.).   This § 2255

proceeding is, consequently, subject to dismissal.

## IV.     Discussion – Merits

In addition, even if Veltman had not knowingly and voluntarily waived his right to seek relief

under 28 U.S.C. § 2255, no relief is available to Veltman on the merits of any of his ineffectiveness

claims.

Claims of ineffective assistance of trial counsel are generally measured by the standards of

*Strickland v. Washington*, 466 U.S. 668 (1984).  To be entitled to relief on an ineffective assistance

of counsel claim, a petitioner must be able to show that his counsel was deficient and that the

deficiency prejudiced him to the extent that a fair trial could not be had.  *Id*. at 687.  Deficiency is

judged by an objective reasonableness standard, with great deference given to counsel and a

presumption that the disputed conduct is reasonable. *Id.* at 687-689.  The prejudice element requires

a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional

---

[1] Under Rule 12 of the Rules governing § 2255 motions, the Federal Rules of Civil Procedure, including Rule 56, which provides for summary judgment, are generally applicable.  Under Rule 56(c), summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Here, because the evidence in the record demonstrates that Veltman's plea was knowing and voluntary, there is no genuine issue of material fact relative to the validity of Veltman's guilty plea or his waivers attendant thereto.  Summary judgment is therefore warranted on Veltman's plea agreement waiver.

errors, the result of the proceeding would have been different."  *Id*. at 694.  A petitioner has the

burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.  *United*

*States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong

presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct

was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.

1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993).  In order to overcome the presumption

of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to

have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the

prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient

performance the result of his trial would have been different, "and that counsel's errors were so

serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel.  The

determination whether counsel has rendered reasonably effective assistance turns on the totality of

facts in the entire record.  Each case is judged in the light of the number, nature, and seriousness of

the charges against a defendant, the strength of the case against him, and the strength and complexity

of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467

U.S. 1220 (1984).  The reasonableness of the challenged conduct is determined by viewing the

circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691.  Counsel will not be

judged ineffective only by hindsight.

In his first claim, Veltman contends that his trial counsel was ineffective for inducing him to plead guilty with inaccurate representations as to the maximum sentence he faced.   Assuming that counsel did give Veltman inaccurate advice regarding the statutory maximum he faced, it cannot be said that Veltman was prejudiced, within the meaning of *Strickland,* by that inaccurate advice.  As set forth above, Veltman was advised by the Court in clear and unequivocal language at each of his separate Rearraignments that he was pleading guilty to bank burglary under 18 U.S.C. § 2113(a), and that he faced a statutory maximum of twenty years incarceration.  (Document No. 167 in Criminal Action No. H-04-441 at 13; Document No. 82 in Criminal Action No. H-05-240, at 11-12).  Likewise, the statutory maximum was set forth clearly and unequivocally in the written Plea Agreements.  (Document No. 32 in Criminal Action No. H-04-441, at 3; Document No. 23 in Criminal Action No. 05-240, at 3).   Given that Veltman was accurately advised by the Court on two separate occasions regarding the offense with which he was charged and to which he pled guilty, as well as the  maximum sentence he faced, Veltman cannot show that he was prejudiced by counsel's inaccurate advice. Thus, Veltman's first ineffectiveness claim fails.

In his second and third ineffectiveness claims, Veltman complains about counsel's failure to object at sentencing to the two level increase in his offense level under § 2B2.1 of the Sentencing Guidelines for more than minimal planning, and counsel's failure to object and argue against the upward departure under § 4A1.3 of the Sentencing Guidelines.  Such ineffectiveness claims fail on the merits.  While Veltman argues that the offense involved only minimal planning, the Presentence Investigation Report ("PSR") set forth sufficient facts to support the two level increase under § 2B2.1.  Under § 2B2.1,

"[m]ore than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which § 3C1.1 (Obstructive or Impeding the Administration of Justice) applies. "More than minimal planning" shall be considered to be present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. For example, checking the area to make sure no witnesses were present would not alone constitute more than minimal planning. By contrast, obtaining building plans to plot a particular course of entry, or disabling an alarm system, would constitute more than minimal planning.

Application Note 4 to § 2B2.1. According to the PSR, the burglary offenses to which Veltman pled guilty involved more than minimal planning within the meaning of § 2B2.1. Veltman and his co-defendants entered the banks prior to the burglaries to determine the banks' layouts; security alarms were disabled during the burglaries; the banks' safes were breached with drilling equipment and cutting torches; the defendants communicated during the offenses using two-way radios; the defendants timed their departures from the scene in order to avoid detection; and the defendants involved others to "clean" the money taken from the banks. These facts recited in the PSR clearly supported an adjustment under § 2B2.1. Veltman has not articulated how his counsel could have, through any objection or argument, convinced the Court that an increase under § 2B2,1 was not warranted.

As for Veltman's claim about counsel's failure to object and argue against the upward adjustment under § 4A1.3, again Veltman fails to allege or show that his counsel could have, through evidence or argument, convinced the Court that the departure was not warranted. As set forth in the PSR, Veltman had a significant criminal history that placed him in criminal history category VI. In addition, many of Veltman's prior offenses could not be taken into account because of the age of the offenses. Finally, Veltman was implicated in numerous, similar bank burglaries, with which he had

15

not been separately charged.  Those facts all supported an adjustment under § 4A1.3(a)(1), which

provides:

> STANDARD FOR UPWARD DEPARTURE.– If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

Veltman has not stated what his counsel could have, or should have, done to convince the Court that

an upward departure was not warranted.  As such, Veltman has not established that his counsel's

performance was deficient, or that he was prejudiced thereby.  Consequently, no relief is available to

Veltman on his second or third ineffectiveness claims.

In his final ineffectiveness claim, Veltman complains that counsel failed to file and pursue an

appeal of his sentence – particularly the upward adjustment under § 4A1.3.  Veltman has come forth

with no evidence that his counsel was ineffective in connection with an appeal.  The record shows

that Veltman's trial counsel filed a Notice of Appeal in Criminal Action No. H-04-441 on Veltman's

behalf, but stated therein that he had not been retained for appeal.  (Document No. 137 in Criminal

Action No. H-04-441).  In Criminal Action No. H-05-240, Veltman himself, proceeding *pro se*, filed

a Notice of Appeal.  (Document No. 47 in Criminal Action No. H-05-240).  Thereafter, Veltman did

not ask for the appointment of appellate counsel, and made no arrangements for the filing of the

appellate record.  On July 19, 2006, and July 12, 2007, Veltman's appeals were dismissed for want

of prosecution. (Document No. 165 in Criminal Action No. H-04-441; Document No. 56 in Criminal

Action No. H-05-240).  Upon this record, where Veltman has made no showing that he urged his

counsel to pursue an appeal, and where Veltman neither sought a determination that he was entitled

to appellate counsel or made any effort to pursue an appeal, it cannot be said that Veltman's trial

counsel was ineffective, within the meaning of *Strickland*, for failing to file and/or pursue an appeal. Therefore, this final ineffectiveness claim also fails on the merits.

### V.        Conclusion and Recommendation

Based on the foregoing and the conclusion that there is no genuine issue of material fact as to the knowing and voluntary nature of Veltman's guilty pleas and his waivers of his right to collaterally attack his convictions, and that no relief is available to Veltman on the merits of his claims in any event, the Magistrate Judge

RECOMMENDS that the United States' Motions for Summary Judgment (Document No. 178 in Criminal Action No. H-04-441 and Document No. 86 in Criminal Action No. H-05-240) be GRANTED, that Movant Terrance Layton Veltman's 28 U.S.C. § 2255 Motions to Vacate, Set Aside or Correct Sentence (Document No. 160 in Criminal Action No. H-04-441 and Document No. 70 in Criminal Action No. H-05-240) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile*

*Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed

with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this  4th  day of February, 2008.

Frances H. Stacy
United States Magistrate Judge